## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| MITCHELL PRUST, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:09-cv-00092 |
| | § | |
| APPLE, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

### PRUST'S OPPOSITION TO APPLE'S MOTION TO CHANGE VENUE

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.    BACKGROUND .....................................................................................................1

III.    LEGAL STANDARDS ...........................................................................................2

IV.    ARGUMENT ..........................................................................................................3

    A.    Venue is proper in either district....................................................................3

    B.    California is not "clearly more convenient" than Texas. ...............................3

        1.    The relative ease of access to sources of proof weighs against transfer. ......................................................................................3

        2.    The availability of compulsory process factor is neutral or only slightly favors transfer.................................................5

        3.    The cost of attendance for willing witnesses factor weighs against transfer......................................................................6

        4.    The "other practical problems" factor is neutral and does not support transfer. ...................................................................9

        5.    The administrative difficulties flowing from court congestion factor weighs against transfer. ...........................................10

        6.    The local interest in having localized issues decided at home factor slightly favors transfer. ...............................................11

        7.    The familiarity of the forum with the law that will govern the case factor is neutral and does not support transfer. ..........................................................................................11

        8.    The avoidance of unnecessary problems with conflict of laws factor is neutral and does not support transfer. ....................11

V.    CONCLUSION......................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Volkswagen of America, Inc.,* 545 F.3d 304 (5th Cir. 2008) (en banc)............ 2, 3, 5, 6, 7, 10

*800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562 (E.D. Tex. 2008) .................................................................................................................... 11

*Acceleron, LLC v. Egenera, Inc.*, 2009 WL 1606961 (E.D. Tex. June 9, 2009) (Davis, J.) ............................................................................................................ 11

*Aloft Media, LLC v. Yahoo!, Inc.*, 2009 WL 1650480 (E.D. Tex June 10, 2009) (Love, J.)............................................................................................................ 12

*ATEN Int'l Co. Ltd., v. Emine Tech. Co. Ltd.*, 2009 WL1809978 (E.D. Tex. June 25, 2009) ........................................................................................................ 12

*Frederick v. Advanced Financial Solutions, Inc.* 558 F. Supp. 2d 699 (E.D. Tex. 2007) .................................................................................................................... 10

*In re Genentech*, 566 F. 3d 1338 (Fed. Cir. May 22, 2009) ........................................... 5, 7, 9, 11

*In re Horseshoe Ent.*, 337 F.3d 429 (5th Cir. 2003) .............................................................. 10

*In re TS Tech USA Corp.,* 551 F.3d 1315 (Fed. Cir. 2008) ...................................................... 3, 12

*Jackson v. Intel Corp.*, 2009 WL 749305 (E.D. Tex. Mar. 19, 2009) (Ward, J.).................................................................................................................................... 10

*Miller v. Longview Psychiatric Hosp., L.L.C.*, 2009 WL 748094 (E.D.Tex. March 19, 2009) (Ward, J.)........................................................................................ 6

*Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000) (Heartfield, J.) ................................................................................................................ 2

*Motiva, LLC v. Nintendo Co. Ltd.*, 2009 WL 1882836 (E.D. Tex. June 30, 2009) (Davis, J)............................................................................................................ 1, 5, 7

*Sanofi-Aventis Deutschland GmbH v. Genentech, Inc.* 607 F. Supp. 2d 769 (E.D. Tex 2009) (Clark, J.) ................................................................................................ 11

*VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054 (E.D. Tex. Aug. 3, 2007) (Davis, J.)............................................................................................................ 11

*Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F. Supp. 2d 567 (E.D. Tex. 2004) (Folsom, J.) ....................................................................................... 6

## STATUTES

28 U.S.C. § 1404(a) ............................................................................................................. 1, 11

**TREATISES**

15 Wright & Miller, Fed. Pract. & Proc. §3849 (West 2008)......................................................... 3

## I.      INTRODUCTION

Section 1404(a) provides that the Court may, in its discretion, transfer an action to another forum "for the convenience of the parties and witnesses."  28 U.S.C. § 1404(a).  To meet the requirements of transfer, Apple must carry a substantial burden to show that Northern California is clearly more convenient than East Texas.  Apple has failed in its task.

Prust has identified 56 witnesses with relevant information and major custodians of records spread throughout the country.  The simple fact that Apple maintains one of its four major international locations in Northern California (the others are in Austin, Texas; Cork, Ireland; and Singapore) cannot, by itself, show clear convenience.  Declaration of Catherine A Pope, ¶ 12, Exh. E; *Motiva, LLC v. Nintendo Co. Ltd.*, 2009 WL 1882836, *6 (E.D. Tex. June 30, 2009) (Davis, J).  Given that material witnesses – including third-party witnesses – and documents are found nationwide, Apple cannot show that Northern California is clearly more convenient.  Apple's Motion should therefore be denied.

## II.      BACKGROUND

Mitchell Prust, an individual residing in St. Paul Minnesota, invented and obtained three patents on remote data storage technologies.  Declaration of Mitchell Prust, ¶ 2.  At the time, Prust was employed by WAM!NET, a company that specialized in such technology and was helping WAM!NET develop its "SiLO" product line.  *Id.* Apple had engaged WAM!NET in discussions about using Prust's technology, under the auspices of a non-disclosure agreement. *Id.* at ¶ 3.  The discussions between Apple and WAM!NET occurred in Minnesota and elsewhere and involved individuals now located around the country.  *Id.* at ¶ 4.

During these discussions, Mr. Prust participated in several communications with Apple employees and representatives.  *Id.* at ¶ 5.  Prust believes that as a result of these communications, Apple developed a series of products based upon or incorporating the Prust inventions.  *Id.* at ¶ 6.  Among these are Apple's "MobileMe" and "iTunes" products.[1]  Apple

---

[1] Apple's repeated complaints about Prust's identification of accused products, based on an informal request Apple made long before it even answered the Complaint, are unfounded.  First,

(Continued...)

never obtained a license to use Prust's technologies. *Id.* Thus, Prust alleges that Apple has willfully infringed his patent rights.

## III.   LEGAL STANDARDS

Prust's choice of venue "places a ***significant burden*** on the movant to show good cause for the transfer." *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 n.10 (5th Cir. 2008) (en banc) ("*Volkswagen II*") (emphasis added).  To meet its significant burden, Apple must show both that the proposed venue is one in which the case "might have been brought" originally, and that the proposed transferee forum is "***clearly more convenient***." *J2 Global Comm.s Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010, *2 (E.D. Tex. Dec. 23, 2008) (Love, J.) (emphasis added).  If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315; *see also id.* at 321 (in section 1404(a), "Congress … did not give defendants the right to be sued only in certain forums, such as the most convenient.") (King, J. dissenting).

Nor will courts "entertain tactical battles for convenience shifting," where the only result of transfer is to "shift the balance of inconveniences from the moving party to the non-moving party."  *Mohamed v. Mazda Motor Corp*., 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) (Heartfield, J.) (internal quotations omitted).  And the fact that "the plaintiff may be burdened by some inconvenience in its own chosen forum is not an argument that a defendant can make successfully in support of its transfer motion."  15 Wright & Miller, Fed. Prac. & Proc. §3849 (West 2008).

---

(...Continued)

Apple's stated reason for requesting more specific information was to help with document collection.  Indeed, Apple stated that it did not ask that Prust provide his P.R. 3-1 contentions or litigation strategy.  Declaration of Rudy Kim in support of Motion to Transfer, Exh. 1 (Docket No. 14-3).  Second, Prust is unaware of a requirement to list specific accused products in his Complaint, and indeed, Apple itself did not do so in the three patent complaints it has filed in the Eastern District of Texas.  *See* Complaints in *Apple Computer, Inc. v. Creative Techs. Ltd.*, 9:06-CV-150; *Apple Computer, Inc. v. Creative Techs. Ltd.*, 9:06-CV-149; *Apple Computer, Inc. v. Creative Techs. Ltd.*, 9:06-CV-114.

Prust's choice of venue is not a factor in the convenience analysis. *Volkswagen II*, 545 F.3d at 314-15. Rather, Prust's choice of venue contributes to Apple's significant burden in proving that the transferee venue is "clearly more convenient." *Id.* at 315; *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). When deciding whether an alternate venue is clearly more convenient, the Court balances several private and public interest factors, keeping in mind that these factors "are not necessarily exhaustive or exclusive" and that "none can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 315. Finally, "district courts have broad discretion in deciding whether to order a transfer." *Id* at 311.

## IV.   ARGUMENT

### A.   Venue is proper in either district.

Prust does not contest that this action "might have been brought" against Apple in the Northern District of California.

### B.   California is not "clearly more convenient" than Texas.

#### 1.   The relative ease of access to sources of proof weighs against transfer.

To satisfy its burden of showing that the Northern District of California is clearly more convenient to Apple's sources of proof than this District, Apple must identify specific examples of documents or other evidence in Northern California, or at the very least, more conveniently located to Northern California than to Texas. *J2 Global*, 2008 WL 5378010, at \*3. But Apple fails to specifically identify a single source of proof in any location, instead arguing generally that the "vast majority" of its electronic and physical documents are in Northern California and that it "virtually all" of Apple's business documents "relating to the research, design, development, marketing, and sales of any Apple product or service that might be accused of infringement in this case" are located in Northern California. Mot. at 10.

Aside from the fact that Apple has not specifically identified any documents in Northern California that are relevant to the case, Apple neglects to mention that its 355,000 square-foot Austin, Texas campus houses (1) Apple's "business intelligence" [business development] department; (2) Apple's AppleCare department, which includes all customer support and service

and customer training resources and development across all Apple products; (3) Apple's online sales and service department; and (4) Apple's finance and accounting department.  Pope Decl. at ¶¶ 9-11.

A substantial number of the potential witnesses and documents relevant to this case are very likely to be housed at Apple's Austin campus, since it was Apple's business development representatives that participated in the business meetings with Prust and WAM!NET (*see* Prust Decl. at ¶¶ 8-14), the AppleCare department, which supports a great many if not all of Apple's products, will have documents related to the infringing products, and Apple's finance and accounting department and online sales and service department will have information related to product sales and other revenue.  Although Austin, Texas is not located in the Eastern District of Texas, it is only 253 miles from Austin to Marshall, as opposed to 1463 miles from Austin to San Jose, California.  Pope Decl. at ¶ 4.

Neglecting to mention other likely sources of information and arguing that unspecified documents will be produced from only one location in Northern California does not satisfy Apple's obligation to identify specific sources of proof.  Thus, "[d]efendants have not offered any specific examples of documents or other evidence which are located in the [Northern District of California], so the first private interest factor weighs against transfer."  *J2 Global*, 2008 WL 5378010, at *3.

Prust's employer at the time was WAM!NET, which was later acquired by Savvis Inc.; many relevant documents from WAM!NET are located at Savvis' headquarters in Town & Country, Missouri (a suburb of St. Louis).  Prust Decl. at ¶¶ 2, 7.  More relevant documents are located in St. Paul, Minnesota, in the possession of Shumaker & Sieffert, P.A., the law firm that prosecuted the Prust patents.  Prust Decl. at ¶¶ 29-30.  Finally, Prust's relevant documents in his possession are located in Minneapolis, Minnesota; these documents describe interactions between Prust, WAM!NET, and Apple.  Prust Decl. at ¶ 52.

Apple has asserted a number of counterclaims and defenses, including invalidity and prosecution history estoppel, that rely almost exclusively on Prust's and WAM!NET's past

conduct.  Answer at 4-9 (Dkt. No. 11).  This emphasizes the importance of Prust's documents and third party documents to the case overall and to this analysis specifically.  *Motiva,* 2009 WL 1882836, at *3.  Furthermore, the burden upon third parties producing documents is more important than the burden upon parties, and, as stated by Apple, it is error to discount this factor merely because many of the documents are stored electronically—the physical location of relevant documents and the burden to transport such documents is still a factor that must be considered.  *Volkswagen II*, 545 F. 3d at 316; Apple Mot. at 10 (citing *TS Tech*, 551 F. 3d at 1320-21; *In re Genentech*, 566 F. 3d 1338, 1345 (Fed. Cir. May 22, 2009)).

It is *twice* as far from Minneapolis to San Jose, California as it is from Minneapolis-St. Paul to Marshall, Texas, and it is *four times* further from St. Louis, Missouri to San Jose as it is from St. Louis to Marshall.  Pope Decl. at ¶ 4.  The Eastern District of Texas is more convenient by far.

### 2.    The availability of compulsory process factor is neutral or only slightly favors transfer.

The availability of compulsory process is neutral or weighs only slightly in favor of transfer since relevant witnesses have been identified from across the United States and the United Kingdom.  This factor weighs heavily in favor of transfer when a transferee venue is said to have "absolute subpoena power."  *Volkswagen II*, 545 F.3d at 316.  "Absolute subpoena power" is the concept that *all* relevant and material third-party witnesses reside within the subpoena power of a particular court.  *See Volkswagen II*, 545 F.3d at 316; *Miller v. Longview Psychiatric Hosp., L.L.C.*, 2009 WL 748094, *3 (E.D. Tex. March 19, 2009) (Ward, J.).  Because the parties have identified relevant witnesses from all over the United States, there is no jurisdiction with "absolute subpoena power" and this factor does not weigh heavily in favor of transfer.

Apple identifies a few potential third-party witnesses who reside in the Northern District of California.  Reicher Decl. ¶ 7 (Dkt. No. 14-6)  But contrary to Apple's assertion, this does give the Northern District of California "absolute subpoena power over a majority of likely witnesses."  Mot. at 10.  First, there is no such thing as absolute subpoena over a portion of likely

witnesses.  *See Volkswagen II*, 545 F.3d at 316; *Miller,* 2009 WL 748094, at *3.  And second, the few witnesses that Apple identified do not constitute the majority of likely witnesses since Mr. Prust identified 44 third-party witnesses who live outside the Northern District of California.

Of the 50 identified potential third-party witnesses, five reside in the Northern District of California.  Since more third-party witnesses reside in the Northern District of California than in the Eastern District, this factor may weigh somewhat in favor of transfer.  *See Volkswagen II*, 545 F.3d at 316.  But considering that relevant witnesses have been identified from all over the United States and from the United Kingdom, there is no jurisdiction with "absolute subpoena power" and this factor is accordingly neutral or weighs only slightly in favor of transfer.

### 3.  The cost of attendance for willing witnesses factor weighs against transfer.

When analyzing this factor, the Court gives broad "consideration to the parties and witnesses in all claims and controversies properly joined in a proceeding."  *Volkswagen I*, 371 F.3d at 204.  Of all witnesses, "it is the convenience of the non-party witnesses that is accorded the greatest weight."  *Z-Tel Comms., Inc. v. SBC Comms., Inc.*, 331 F. Supp. 2d 567, 573 (E.D. Tex. 2004) (Folsom, J.).  The actual likelihood of a particular witness testifying at trial is now irrelevant.  *Genentech,* 566 F. 3d at 1343 (requiring a defendant to show that a witness has more than relevant and material information is unnecessary).  Accordingly, "all potential material and relevant witnesses must be taken into account for transfer analysis, irrespective of their centrality to the issues raised in a case."  *Motiva,* 2009 WL 1882836, at *4.

To aid the Court in analyzing this factor, the Fifth Circuit adopted the "100-mile rule," which says that when "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional miles travelled."  *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("*Volkswagen I*").  When applying this rule, the first question is whether the two fora are more than 100 miles apart.  *Volkswagen II*, 545 F.3d at 317.  If so, the Court then determines the distance between the identified witnesses and the competing fora.  *Id.*  The 100-mile rule will favor the forum that is a shorter average distance from witnesses.  *Id.*

Additionally, where appropriate, travel time may be substituted for actual distance. *Motiva*, 2009 WL 1882836 at *4.

The Federal Circuit announced in *Genentech* that the 100-mile rule should not be rigidly applied so as to create an undesirable result. *Genentech*, 566 F.3d at 1344. *Genentech* goes on to hold that this factor favors transfer when a "substantial number" of material witnesses reside in the transferee venue and no witnesses reside in the transferor venue regardless of whether the transferor venue would be more convenient for *all* of the witnesses – *i.e.*, the fact that a few witnesses may be somewhat inconvenienced by transfer will not control where a "substantial number" of witnesses will find transfer clearly more convenient. *Id.* at 1345.

Owing to the business relationship between WAM!NET and Apple directly at issue in this case, Prust has identified a substantial number of witnesses with material information relevant to his claims and defenses. Prust. Decl. ¶¶ 7-52. Indeed, Prust has identified 43 witnesses with knowledge about the development of the SiLO products, Prust's inventions, Apple's negotiations and communications with WAM!NET regarding Prust's technology, and Apple's subsequent conduct. *Id.*

Of these witnesses, all but one are third parties. *Id.* Thirty-one of these witnesses reside in Minnesota and eleven reside in other locations around the country. *Id.* One third-party witness lives in the United Kingdom. Prust. Decl. ¶ 17.

Minneapolis sits 859 miles from Marshall and 1572 miles from San Jose. Pope Decl. ¶ 4. For the Minnesotans, advertised travel time to San Jose, California is roughly equivalent to the travel time to Marshall, Texas. Pope Decl., Exh. A. For example, as Apple argues, a direct flight from Minneapolis to San Jose is roughly 4 hours, and the drive time from San Jose International to the San Jose courthouse is roughly 10 minutes, totaling 4 hours and 10 minutes.

*Id.* Meanwhile, a flight from Minneapolis to Shreveport takes 3 hours and 51 minutes, plus a 39-minute drive to the Marshall courthouse, totaling 4 hours and 30 minutes.[2] *Id.*

One problem with "travel time" calculations, however, is that they are mere approximations of the total time travel may take. For example, San Jose is roughly twice as far from Minneapolis, which, as anyone who has travelled long distances knows, equates to a greater likelihood of experiencing travel delays due to bad weather and other airline hassles. Pope Decl. ¶ 4.

For the Prust witnesses living in places like Chicago (2 witnesses); Lakeland, Florida (1 witness); Atlanta (1 witness); St. Louis, Missouri (1 witness); Madison, Wisconsin (1 witness); and the United Kingdom (1 witness);[3] travel time to Marshall is less than travel time to San Jose. Prust. Decl. ¶¶ 10, 11, 32, 33, 43, 38, 17; Pope. Decl., Exh. B.

For the witness in Santa Fe, New Mexico, travel time is roughly the same. Prust. Decl. ¶ 15; Pope. Decl., Exh. B. For the Allenspark, Colorado (1 witness); Missoula (2 witnesses); Los Angeles (1 witness); and Cupertino (1 witness) witnesses travel times are shorter to San Jose than to Marshall. Prust. Decl. ¶¶ 16, 48, 49, 13, 14; Pope. Decl., Exh. B.

For its part, Apple identifies 12 witnesses in California. Mot. at 3. But Apple neglects to identify any witnesses from its Austin, Texas campus, which houses the "business intelligence" department (responsible for negotiating with WAM!NET regarding the Prust technology), the accounting department, and the sales and service departments, all of which will contain witnesses with relevant knowledge. Pope. Decl. ¶ 7; Prust. Decl. ¶¶ 3, 8-14. Austin is 253 miles from Marshall and 1463 miles from San Jose. Pope. Decl. ¶ 4. Nonetheless, "travel times" from Austin to Marshall and Austin to San Jose are roughly the same. Pope. Decl. ¶ 10, Exh. B.

---

[2] Apple incorrectly assumes that a person must fly to Dallas and then drive to get to Marshall. Apple forgets that "Shreveport, Louisiana operates a fully functional airport (with airplanes and everything) only thirty (30) miles from Marshall, Texas." *Mohamed,* 90 F. Supp. 2d at 776 n.23.

[3] The Federal Circuit has held that the burden on travelers from foreign countries is given less weight in transfer analysis. *Genentech*, 566 F.3d at 1344.

All told, of the 56 witnesses identified, transfer would mean generally less travel time for 17 or so.  Of these, seven are Apple employees – party witnesses – whose travel burdens count less than identified third parties.  Of the third parties, transfer would see seven witnesses' burdens increase and the burdens ten decrease – hardly a showing that San Jose is "clearly more convenient."  Of the total number, Apple has failed to identify a "significant number" of witnesses in the Northern District whose burdens would be alleviated.  This factor does not favor transfer.

        **4.**      **The "other practical problems" factor is neutral and does not support transfer.**

This "catch-all" private interest factor mainly addresses the possibility of delay and prejudice in effecting transfer, should transfer be granted.  *Genentech*, 566 F. 3d at 1342.  Though transfer will invariably cause delay and additional burden on the parties, legally-cognizable delay and prejudice associated with transfer only arises in rare circumstances.  *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).  Prust does not contend that any special circumstances would cause him prejudice here.

Apple, however, conflates this factor with a now-defunct "plaintiff's choice" factor, by arguing that Prust's "choice of venue should be given little or no weight."  Mot. at 11.  But under the test enumerated in *Volkswagen II*, Prust's choice of venue is *not a factor* in the convenience analysis.  *Volkswagen II*, 545 F.3d at 314-15.  Rather, Prust's choice of venue contributes to Apple's significant burden in proving that the transferee venue is "clearly more convenient."  *Id.* at 315; *TS Tech,* 551 F.3d at 1319.

Nonetheless, Apple argues that "Prust's choice of venue should receive little or no deference."  Mot. at 12.  But Apple's sole support for this conclusion is *Frederick*, a pre-*Volkswagen II* opinion that analyzes choice of forum as if it were still an independent factor (because at the time of the opinion, it was).  Mot. at 12 (citing *Frederick v. Advanced Financial Solutions, Inc.* 558 F. Supp. 2d 699, 703 (E.D. Tex. 2007) (holding that "the plaintiff's choice of forum is clearly a factor to be considered")).  But the law has changed since *Frederick*.  Now,

Prust's choice of this District simply adds to Apple's significant burden of showing that another venue is clearly more convenient.  "Deference" to Prust's choice is no longer an issue.

> **5.    The administrative difficulties flowing from court congestion factor weighs against transfer.**

As Apple notes, the interests of justice may decide a motion to transfer "even if the convenience of the parties and witnesses might call for a different result."  Mot. at 12 (quoting *Jackson v. Intel Corp.*, 2009 WL 749305, at *4 (E.D. Tex. Mar. 19, 2009) (Ward, J.).  Relative court congestion is one factor that affects the interests of justice analysis.  Thus, the speed with which a case can come to trial is a factor in the transfer analysis.  *Acceleron, LLC v. Egenera, Inc.*, 2009 WL 1606961, *6 (E.D. Tex. June 9, 2009) (Davis, J.) (citing *Genentech,* 566 F. 3d at 1347).

Courts have addressed the relative speed of the Eastern District of Texas and the Northern District of California on several occasions lately.  In the underlying *Genentech* decision, this Court found that disposition time in cases that go to trial "is lower in the Eastern District – 18.4 months – than in the Northern District – 22.5 months" and that the Eastern District "had a much faster median time to trial interval – 1.79 years – than the … Northern District – 2.87 years."  *Sanofi-Aventis Deutschland GmbH v. Genentech, Inc.* 607 F. Supp. 2d 769, 780 (E.D. Tex 2009) (Clark, J.) (*overruled on other grounds by Genentech*, 566 F. 3d 1338).

Despite this District's faster pace, Apple argues that Northern California is actually faster, using "disposition" as a metric instead of the proper metric – time to trial.  Mot. at 12.  Moreover, Apple's evidence is of little value because it relates to general filings and is "not specific to patent cases."  *VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, *3  (E.D. Tex. Aug. 3, 2007) (Davis, J.).  Moreover, Apple's cite to *Genentech* is inapposite. Mot. at 13.  That case merely holds that court congestion alone cannot outweigh several other factors.  *Genentech*, 566 F.3d at 1347.

As this Court has recently found, Northern California is more congested than East Texas. This factor weighs against transfer.

6.    **The local interest in having localized issues decided at home factor slightly favors transfer.**

Apple infringes Prust's patents in East Texas, creating a strong nexus with this District. *800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 570 (E.D. Tex. 2008) ("The state of the patentee's injury is the location or locations at which the infringing activity directly impacts the patentee, including the place where infringing sales are made."). Apple sells infringing products in this District, injuring Prust here. *See* Mot. at 14. The fact that Apple harms Prust in other districts as well does not lessen this case's connection to Texas. *See TS Tech*, 551 F.3d at 1321 (citizens of the Eastern District of Texas have "no more **or less** of a meaningful connection" than citizens in other fora) (emphasis added).

The fact that Apple maintains its principal place of business in Northern California raises the interest of that district in the outcome of the case somewhat above that of other districts. *ATEN Int'l Co. Ltd., v. Emine Tech. Co. Ltd*., 2009 WL1809978, *11 (E.D. Tex. June 25, 2009) (principal place of business in California creates "particularized" local interest). *Genentech*, 566 F.3d at 1347. This factor slightly favors transfer.

7.    **The familiarity of the forum with the law that will govern the case factor is neutral and does not support transfer.**

Apple argues that the "familiarity of the forum" factor is neutral. Mot. at 13. Prust agrees. Apple then incorrectly argues that this neutral factor "does not weigh against transfer." *Id.* But Apple bears the significant burden of showing that Northern California is clearly more convenient than East Texas. *Volkswagen II*, 545 F.3d at 15; *TS Tech*, 551 F.3d at 1319. Where a factor is neutral, it does not support transfer, making Apple's significant burden that much heavier.

8.    **The avoidance of unnecessary problems with conflict of laws factor is neutral and does not support transfer.**

Apple does not address the "conflict of laws" factor. Prust is not aware of any conflicts of laws issues in this case. Thus, as in most patent cases, this factor is neutral. *Aloft Media, LLC v. Yahoo!, Inc.*, 2009 WL 1650480, *6 (E.D. Tex June 10, 2009) (Love, J.).

## V.    CONCLUSION

Apple has failed to meet its significant burden to show that Northern California is clearly more convenient than East Texas.  Of the eight enumerated factors, three – access to proof; travel costs for willing witnesses; and court congestion – weigh against transfer.  Three factors,  "other practical problems," familiarity of the forum, and conflicts of law, are neutral.  The remaining two – availability of compulsory process and local interest – slightly favor transfer.  Apple cannot meet its burden with such a showing.  Accordingly, Apple's motion should be denied.


Dated: July 10, 2009                          Respectfully submitted,

                                               /s/ Christopher D. Banys_____
                                              Christopher D. Banys

                                              LANIER LAW FIRM, P.C.
                                              Christopher D. Banys   SBN: 230038 (California)
                                              Daniel W. Bedell        SBN: 254912 (California)
                                              Hogene L. Choi          SBN: 256617 (California)
                                              2200 Geng Road, Suite 200
                                              Palo Alto, CA 94303
                                              (650) 322-9100        (650) 322-9103 (fax)
                                              cdb@lanierlawfirm.com
                                              dwb@lanierlawfirm.com
                                              hlc@lanierlawfirm.com

                                              LANIER LAW FIRM, P.C.
                                              W. Mark Lanier        SBN: 11934600
                                              Dara G. Hegar          SBN: 24007280
                                              Phillip N. Sanov        SBN: 17635950
                                              6810 FM 1960 West
                                              Houston, Texas 77069
                                              (713) 659-5200        (713) 659-2204 (fax)
                                              wml@lanierlawfirm.com
                                              dgh@lanierlawfirm.com
                                              pns@lanierlawfirm.com

                                              IRELAND, CARROLL & KELLEY, P.C.
                                              Wesley Hill            SBN: 24032294
                                              6101 South Broadway, Suite 500
                                              Tyler, TX 75703
                                              (903) 561-1600
                                              (903) 581-1071
                                              fedserv@icklaw.com

                                              Attorneys for Plaintiff
                                              MITCH PRUST

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via e-mail and/or the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 10th day of July, 2009.


/s/ *Catherine A. Pope*
Catherine A. Pope